SUCCESSORS OF SOBRINO, FERNÁNDEZ & CO., APPELLANTS, *v.*
REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Re-
fusing to Record a Deed of Purchase and Sale.

No. 388.—Decided May 31, 1919.

ATTORNEY IN FACT—PARTNERSHIP—LIQUIDATOR.—When an attorney in fact is au-
thorized to appoint a liquidator of the partnerships of which the principal is
a member, with power to dispose of the properties of the said partnerships,
he acts within the powers conferred upon him in authorizing the liquidator
to sell the real property and rights of one of the said partnerships.

ID.—ID.—Subdivision 2 of section 1362 of the Civil Code refers to an agent who
purchases for himself; therefore it is not applicable to one who buys for a
mercantile partnership of which he is a member.

The facts are stated in the opinion.

*Mr. Damián Monserrat* for the appellants.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

José Benito Sobrino y Rodríguez conferred power of
attorney upon Benigno Fernández Pérez to form mercantile
partnerships in his name and to appoint liquidators of them
with full power to collect the assets, to pay the liabilities,
to convert the properties into cash and to close up the
partnerships.

In the exercise of that power Fernández executed a public
deed on June 11, 1918, whereby, in his own name and in that
of his principal, he appointed Félix Pérez y Pérez liquidator
of the mercantile partnership of Sobrino & Fernández, com-
posed of Sobrino and himself, empowering Pérez to sell the
real property and real rights of the partnership, to represent
the liquidation in and out of court and to sign such public
or private documents as he might deem necessary.

Some days later the said liquidator, as such, sold a prop-
erty belonging to Sobrino & Fernández to the mercantile part-
nership of Successors of Sobrino, Fernández & Co. of which
Benigno Fernández was the managing partner, and the Reg-
istrar of Property of San Juan, Section 1, refused to record

the sale for the reasons stated in the following endorsement on the deed:

"The foregoing instrument is refused admission to record because the attorney in fact, Benigno Fernández, has power only to appoint a liquidator with such powers as may be deemed necessary to collect the assets, to pay the liabilities, to convert the properties of the partnership into cash and to close up the partnership, and is not expressly authorized to sell the properties of Sobrino & Fernández, in Liquidation; therefore he could not lawfully delegate such power to liquidator Félix Pérez y Pérez; and because, Benigno Fernández being a partner of both the vendor and the vendee partnerships, the doubt arises as to whether this constitutes a violation of subdivision 2 of section 1362 of the revised Civil Code, a cautionary notice having been entered.  *  *  * "

From that decision the vendee firm took the present appeal, praying this court to reverse it and order the record of the sale to be made.

José Benito Sobrino having authorized his attorney in fact, Benigno Fernández, to appoint a liquidator of the partnership of which the principal was a member, with power to dispose of the properties of the said partnership, the attorney in fact acted within the powers conferred upon him in authorizing liquidator Félix Pérez y Pérez to sell the real property and real rights of the partnership of Sobrino & Fernández of which José Benito Sobrino was a member, because, as this court said in the case of the *American Colonial Bank of Porto Rico* v. *The Registrar*, 4 P. R. R. 272 (2nd ed.), in ordering that record be made of a sale of real property made by a liquidator with authority to dispose of the goods and other properties of all kinds belonging to a mercantile partnership, such conveyance is one of the means, in fact, the most adequate, to effect the liquidation thereof. In *Quiñones* v. *Registrar of Property*, 18 P. R. R. 126, we also ordered the record of the cancelation of a mortgage executed by a liquidating partnership, sustaining the view that this was one of the powers conferred upon liquidators by section

228 of the Code of Commerce. The case of *Fantauzzi* v. *Vázquez et al.*, 22 P. R. R. 671, is somewhat similar to the case at bar as to the meaning of the words "realizable property."

As to the second ground of the registrar's decision, we believe that subdivision 2 of section 1362 of the Civil Code, on which it is based, is not applicable to this case, for although Benigno Fernández as managing partner of Sobrino & Fernández is their agent, the purchase was made by a mercantile partnership distinct from the natural person of Benigno Fernández, although he is one of its partners; therefore, in accordance with the jurisprudence established in *Rosenstad & Waller, Inc.*, v. *Registrar of Caguas*, 23 P. R. R. 269, in the absence of a statutory prohibition, express or implied, or of a manifestly immoral consequence, the principle of freedom of contract must prevail, whether the persons be natural or artificial.

The decision is reversed and the record of the instrument ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.